In re Robert J. LOSIENIECKI and Sandra E. Losieniecki, his wife, Debtors.

Robert J. LOSIENIECKI and Sandra E. Losieniecki, his wife, Petitioners,

v.

THRIFT CONSUMER DISCOUNT COMPANY and Marion Center National Bank, Defendants.

Bankruptcy No. 80–1282.
Adv. No. 80–952.

United States Bankruptcy Court,
W. D. Pennsylvania.

Dec. 31, 1981.

Thomas W. Trimm, Pittsburgh, Pa., Edwin M. Clark, Jr., Indiana, Pa., for debtors/petitioners.

Donald R. Marsh, Indiana, Pa., for Thrift Consumer Discount Co.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

### FACTS

The Plaintiffs filed a Bankruptcy petition under Chapter 7 of the Bankruptcy Code on August 1, 1980. On November 5, 1980 the Debtors filed a petition to avoid liens pursuant to Section 522(f)(1) of the Code. On November 24, 1980 Thrift Consumer Discount Company (hereinafter "Thrift") filed an answer to the petition and Petitioned for Relief from Stay under Section 362(d). On December 19, 1980 a hearing was held on the Complaint to Avoid Liens. The Plaintiffs presented to the Court an appraisal performed by a real estate company which states that the market value of the real property is $42,500 (Plaintiffs' Exhibit # 2). The Plaintiffs had alleged in their Petition that the fair market value was $45,000. This value was amended at the time of trial to $42,500.00 and the parties stipulated to that amount.

The following facts are not in dispute. On October 27, 1977 Thrift filed a judgment in the Court of Common Pleas of Indiana County, Pennsylvania, at Docket No. 2227 C.D., 1977 against the Debtors in the amount of $2,640.00. On November 14, 1978 a first mortgage was filed by the United States Department of Agriculture, Farmer's Home Administration (hereinafter "FHA"). The amount of $40,864.23 (Plaintiff's Exhibit # 1) is still owed on this mortgage. On January 5, 1979, Thrift filed another judgment in the Court of Common Pleas of Indiana County, Pennsylvania, at Docket No. 29 C.D., 1979 against the Debtors in the amount of $3,150.00. On March 12, 1980 Marion Center National Bank (hereinafter "Marion Bank") filed a judgment in the Court of Common Pleas of Indiana County, Pennsylvania, at Docket No. 606 C.D., 1980 against the Debtors in the amount of $3,361.68. The Debtors have claimed a $15,000 exemption in this property pursuant to Section 522(d)(1).

### ISSUES

There are three issues before the Court. The first is whether judicial liens may be avoided pursuant to 11 U.S.C. § 522(f)(1)? The second issue is whether 11 U.S.C. § 522(f) is constitutional when applied retroactively? The third is whether a judicial lien which precedes a mortgage may be avoided pursuant to 11 U.S.C. § 522(f)(1)?

A recapitulation of the pertinent facts may prove helpful:

| | |
|---|---:|
| October 27, 1977 Judgment (Thrift) | $ 2,640.00 |
| November 14, 1978 Mortgage (FHA) | 40,864.23 |
| January 5, 1979 Judgment (Thrift) | 3,150.00 |
| October 1, 1979 Effective date of the B.R.A. | |
| March 12, 1980 Judgment (Marion Bank) | 3,361.68 |
| Total Encumbrances | $50,015.91 |
| Fair market value of property | $42,500.00 |
| Less total encumbrances | 50,015.91 |
| Equity ownership | 0 |

Section 522(f) states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (h) of this section, if such lien is—

(1) a judicial lien;

A judicial lien is defined in Section 101(27) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

This Court has held that 11 U.S.C. § 522(f)(1) permits the avoidance of a judicial lien to the extent it impairs an exemp-

tion. *In re Clark*, 11 B.R. 828 (1981). When an exemption is claimed in property that is encumbered by several judicial liens, they are avoidable in reverse order of priority to the extent each impairs the exemption. By avoiding the most recent judicial lien first and then each preceding judicial lien to the extent it impairs the exemption, the sequence of avoidance merely reflects the priority of those liens afforded by Pennsylvania law. See 42 Pa.C.S.A. § 8141.

The initial step in determining whether a judicial lien may be avoided pursuant to Section 522(f)(1) is to ascertain what portion of value of the property in which the exemption is claimed passed to the estate at the commencement of the case. 11 U.S.C. § 541. If value passed to the estate which is equal to or greater than the amount which the Debtor is allowed to exempt, then any judicial liens which encumber the property do not impair the exemption and therefore are not avoidable under Section 522(f)(1). In the instant case the Debtors jointly claim a $15,000 exemption in their residence pursuant to Section 522(d)(1) which states:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The Debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

Since total encumbrances worth $50,015.91 are liened against the Debtors' residence and the property's fair market value is $42,500.00 none of the house value passed to the estate. Consequently, some or all of the judicial liens are impairing the Debtors' exemption.

The next step is to determine to what extent each judicial lien impairs the Debtors' right to reclaim property from "property of the estate." 11 U.S.C. § 522(b). Normally the exercise of the Debtor's exemp-

tion rights is at the expense of the unsecured creditors. The property of the estate, 11 U.S.C. § 541, is that to which the unsecured creditors look for satisfaction of their claims. A claiming of an exemption removes property from the "estate" and therefore reduces the amount of property available to satisfy the creditors' claims. Section 522(f) provides an exception to the general rule that unsecured creditors must bear the burden of debtor exemptions. It allows the Debtor under certain conditions to reclaim property from a secured creditor. The conditions are that: (1) the secured creditor is either a judicial lien holder or an owner of a nonpossessory, nonpurchase-money security interest in certain consumer items; (2) that the Debtor has a right to claim an exemption of a certain value in the encumbered property; and (3) that an insufficient portion of the property passed to the estate at the commencement of the case to satisfy the amount of the exemption. The occurrence of the third condition creates the situation when a "lien impairs an exemption." A secured creditor's lien does not become part of the property of the estate when the Debtor files his petition. 11 U.S.C. § 541(d). If by preventing a portion of the property value from passing to the estate, the estate does not possess a sufficient portion of the property value to satisfy the exemption, it impairs an exemption. It is now appropriate to determine which of these encumbrances impair the Debtors' right to a $15,000 exemption.

Because the Debtors lack any equity ownership in their residence, none of the house value passed to the estate at the commencement of the case. Section 522(f)(1) gives the Debtors the power to avoid judicial liens to the extent they impair the exemption; i.e., to divest that amount of equity ownership from the lien holders in favor of the estate. Under these facts bare legal title had passed to the estate, 11 U.S.C. § 541(d), a merger will occur to the extent the judicial liens are avoided thereby increasing the amount of house value within the property of the estate. The Debtors may then claim their

exemption from that portion which is now part of the estate pursuant to Section 522(i)(1) which states:

(i)(1) If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of section 55 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

As stated previously, judicial liens are avoidable in reverse order or priority. The most recent judicial lien is the Marion Bank judgment perfected March 12, 1980 in the amount of $3,361.68. Because none of the house value has passed to the estate, Marion Bank's lien impairs the Debtors' $15,000 exemption right in the amount of $3,361.68. Therefore we hold Marion Bank's lien is completely avoided. The effect of the avoidance is that the estate has been increased and Marion Bank has become an unsecured creditor. The Debtors are now able to assert their exemption right in the property and claim a $3,361.68 value in their home as exempt.

■ The Debtors have an $11,638.32 unused exemption right remaining. Therefore they have a right to avoid any remaining judicial liens in that amount. Thrift, the owner of two remaining judicial liens, argues that since each was perfected prior to October 1, 1979, the effective date of the B.R.A., neither are avoidable since Section 522(f)(1) may not be applied retroactively. This Court has held that a retroactive application of Section 522(f) is constitutional. *In re Clark*, supra. The next most recent judicial lien is Thrift's second judgment in the amount of $3,150 which was perfected on January 5, 1979. Thrift's lien impairs the Debtors' remaining $11,638.32 exemption right in the amount of $3,150. Therefore, we hold Thrift's second judicial lien is completely avoided.

■ The next most recent encumbrance is a mortgage held by FHA. Section 522(f) applies only to judicial liens and nonpossessory, nonpurchase-money security interests in certain consumer items. Therefore, the mortgage is not subject to avoidance under Section 522(f). Although the Debtors failed to raise the issue, it should be noted that a mortgage may be partially or fully avoided pursuant to Section 506(a)(d) if the value of the Debtors' property is less than the mortgage.

The remaining encumbrance against the Debtors' residence is a first judgment owned by Thrift which was perfected October 27, 1977 in the amount of $2,640. The fact that this judgment was perfected prior to the recording of a valid mortgage presents a new question for this Court. Thrift argues in the alternative that even if a retroactive application of Section 522(f) is constitutional, the October 27, 1977 judgment cannot be avoided. Thrift's position is that the avoidance of its first judgment lien would improve the position of the mortgage holder by changing FHA from a junior to a senior encumbrancer. Thrift argues that Congress intended Section 522(f) to benefit debtors, not mortgage holders. It urges this Court to construe Section 522(f) to allow the avoidance of judicial liens only if the avoidance does not improve the position of a subsequent lien holder. Thrift's contention that Section 522(f) is to benefit debtors only is consistent with Section 551 of the Code, but Section 551 does not give Thrift its desired result. Section 551 states:

Any transfer avoided under section 522, 544, 545, 547, 548, 549 or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

The import of Section 551 is that it provides a mechanism for preventing a junior lien holder from receiving an improved position as a result of the avoidance of a senior lien. This is accomplished by the automatic preservation of an avoided transfer or a void lien for the benefit of the estate if such avoidance does in fact benefit the estate. The result is that the Trustee representing the estate retains the lien and the priority position of the avoided senior encumbrancer. The preservation of the lien prevents any improvement of position by an

unavoided junior encumbrancer. If such an encumbrancer does not exist, the lien may either be abandoned by the Trustee under Section 554(a) as property of inconsequential value to the estate or foreclosed if the lien has not merged into the estate's title. However, if an unavoided junior lien does exist, the Trustee would retain the senior lien for the benefit of the Debtor claiming an exemption in the property. If the property is not claimed as an exemption, the lien would be preserved for the benefit of the unsecured creditors. The Court would dispose of the lien by ordering it preserved for either the Debtor or the unsecured creditors, as the case may be. See *4 Collier on Bankruptcy,* ¶ 551.01 at 551–1—551–2 (15 Ed. 1979).

The concluding language of Section 551, "but only with respect to property of the estate," is intended to prevent the Trustee from asserting an avoided tax lien against after acquired property of the Debtor that does not become property of the estate. 124 Cong.Rec. H 11,097 (Sept. 28, 1978); 517, 414 (Oct. 6, 1978). In other words, a lien is only preserved if the estate will benefit from its preservation. Except for those situations described in Sections 541(a)(5)–(6) and 1306(a), after-acquired property does not become part of the estate. Consequently, assertion of a lien in such property does not benefit the estate and therefore is not preserved under Section 551. See f.n. 5, *4 Collier on Bankruptcy,* ¶ 551.01 at 551.01 (15 Ed. 1979).

The interplay of Section 522(f) and Section 551 is illustrated by the Debtors' request to avoid Thrift's first judgment of $2,640. Since the Debtors have a right to exempt a remaining $8,488.32 of value in their residence, Thrift's judgment impairs their exemption right. Therefore we hold that Thrift's first judicial lien acquired October 27, 1977 in the amount of $2,640 is completely avoided. The property encumbered by the lien passes to the estate and is claimed as an exemption. Pursuant to Section 551, the lien is automatically preserved for the estate since the lien represents property of the estate. Since the Debtors have claimed an exemption in the property encumbered by the lien, and an unavoidable

junior lien holder remains, we hold that the lien is preserved for the benefit of the Debtors.

SUMMARY

Judicial liens are avoidable under Section 522(f). A retroactive application of Section 522(f) is constitutional. A judicial lien which precedes a mortgage is avoidable pursuant to 11 U.S.C. § 522(f)(1) and § 551. Marion Bank's judgment of March 12, 1980 in the amount of $3,361.68 and Thrift's judgment of January 5, 1979 in the amount of $3,150 are completely avoided pursuant to 11 U.S.C. § 522(f)(1). The liens represented by both judgments are preserved for the benefit of the estate pursuant to 11 U.S.C. § 551. The Thrift judgment of October 27, 1977 in the amount of $2,640 is also avoided pursuant to 11 U.S.C. § 522(f)(1) and is preserved for the benefit of the estate in accordance with 11 U.S.C. § 551. The Debtors are entitled to an exemption in their residence pursuant to 11 U.S.C. § 522(d)(1) in the amount of $2,640. Their exemption is comprised of a first lien on their residence in the amount of $2,640 perfected as of October 27, 1977.

An appropriate Order will issue.