**In The Matter of Michael J. FIORE, Debtor.**

**Alan B. SILVER, ESQ., Trustee Michael J. Fiore, Debtor, Plaintiffs,**

v.

**SAVINGS BANK OF MANCHESTER, Citizens Bank & Trust Company of Glastonbury, Community Finance Plan, Inc., George Cooper, Benson Monastersky, Nutmeg Bakers Supply Co., Wallach's, Inc., Elaine Casey, f/k/a Elaine Fiore, Defendants.**

**Bankruptcy No. 2–82–00661.
Adv. No. 2–82–0441.**

United States Bankruptcy Court,
D. Connecticut.

Jan. 14, 1983.

Alan B. Silver, pro se.

Bruce S. Beck, Manchester, Conn., for debtor.

William J. Bumster, Wethersfield, Conn., for George Cooper, defendants.

MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

This matter deals with a joint motion of the trustee and the debtor entitled "Motion for Determination of Priorities and Discharge of Liens." No evidentiary hearing has been held and no stipulation of facts submitted but there appears to be no dispute as to the following background.

I.

Pursuant to a partial judgment of the court entered upon a complaint brought by the trustee and the debtor as co-plaintiffs,

the trustee sold property of the estate known as 523 East Chimneysweep Hill Road, Glastonbury, Connecticut, free and clear of all recorded liens, except for taxes, with liens to attach to proceeds of sale. From these net proceeds, the court subsequently approved payments to holders of the first four mortgage liens, leaving the sum of $30,679.00 on hand.[1] The next recorded lien which followed the fourth mortgage is a judicial lien or attachment dated July 18, 1980, held by the defendant, George Cooper (Cooper). The attachment was subsequently reduced to judgment in the amount of $2,697.59. The Cooper lien is followed by a mortgage lien dated February 10, 1981 with a present unpaid balance of $28,789.00 held by Elaine Casey (Casey), the former wife of the debtor. Michael J. Fiore, the debtor, filed his chapter 7 bankruptcy petition on July 12, 1982 and claimed the $7,500.00 homestead exemption available to him under 11 U.S.C. § 522(d)(1).

## II.

The issue to be resolved is whether Cooper's judicial lien, which predates the Casey mortgage lien, may be avoided pursuant to the provisions of 11 U.S.C. § 522(f)[2] because it allegedly impairs the debtor's exemption. As appears from the foregoing figures, if Cooper's lien is not avoided, there will be no monies after payment on the

1. The sale proceeds amounted to $100,925.00 and the total due the four mortgagees was $70,246.00.

2. The complaint in seeking permission to sell the property free and clear of liens also requested that "statutory (sic) liens which impair the Plaintiff-Debtor's exemptions be discharged." The body of the complaint refers to three "judicial liens" which are claimed avoidable pursuant to § 522(f). No reference is made in the complaint to Cooper's lien as being one of the avoidable judicial liens. In view of the court's conclusion as hereinafter stated, these discrepancies will be ignored. The "three judicial liens" are claimed attachments or judgment liens of Wallach's, Inc., Benson Monastersky and Nutmeg Bakers Supply Co., all recorded subsequent to the Casey mortgage.

3. $30,679.00 (on hand)   $2,697.59 (Cooper judicial lien)
                      + $28,789.00 (Casey mortgage lien)
                      $31,486.59

Casey mortgage to allow the debtor any portion of his $7,500.00 exemption.[3]

## III.

The debtor makes the following arguments. Referring to the specific language of § 522(f),[4] he asserts that if the Cooper lien is to be paid the debtor cannot receive any part of his exemption and therefore the Cooper lien should be avoided as it obviously "impairs an exemption." The debtor says the fact that this construction will benefit Casey "is of no consequence." The debtor claims support for this result in the legislative history to § 522(f) which states that the purpose of § 522(f) is to protect the debtor's "fresh start." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The debtor further claims that decisional law supports his contention, citing *In re Losieniecki,* 17 B.R. 136, 3 Bankr.L.Rep. (CCH) ¶ 68,596 (Bkrtcy.W.D.Pa. Dec. 31, 1981). The *Losieniecki* case held that a judicial lien prior in time to a mortgage may be avoided pursuant to § 522(f), the lien preserved for the estate by virtue of § 551, and since a mortgage cannot be avoided, the judicial lien is assigned to the debtors as part of their exemption.[5]

Cooper argues to allow his judicial lien to be avoided under the circumstances of this

4. Section 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
    (1) a judicial lien . . . ."

5. Section 551 states that "[a]ny transfer avoided under section 522 . . . is preserved for the benefit of the estate but only with respect to property of the estate." In *Losieniecki,* the property, which was not sold, had a value of $42,500.00. The prior judicial lien was in the amount of $2,640.00, the subsequent mortgage had an unpaid balance of $40,864.23, and the debtors had claimed exemptions totalling $15,000.00. The court in *Losieniecki* granted the debtors an exemption "comprised of a first lien on their residence in the amount of $2,640.00." 17 B.R. at 140; 3 Bankr.L.Rep. at 80,502.

proceeding, in effect, amounts to an unwarranted rejection of Connecticut law, which grants priority to real estate liens in the order they are recorded, under the guise of carrying out the exemption provisions of bankruptcy law. He asks this court not to follow the reasoning of the *Losieniecki* court.

I agree with Cooper's contentions. At the time Cooper liened the debtor's property he was not impairing any potential exemption. To allow the debtor to place a voluntary lien on his property, and thereby eliminate Cooper's judicial lien through the use of § 522(f) is an unjust result and should not be imputed to be Congress' purpose and objective in enacting § 522(f). It is significant that Congress in § 522(g) prohibited a debtor from claiming an exemption in property which a trustee recovers from a transferee if the transfer by the debtor was voluntary.[6] Like considerations should prevail under § 522(f) when a debtor voluntarily liens his property retaining insufficient equity for his homestead exemption except by seeking to avoid a judicial lien recorded prior to the voluntary lien. *Compare In re Hulk,* 8 B.R. 444, 7 B.C.D. 339 (Bkrtcy.D.Conn.1981), (a debtor may not avoid judicial liens which impaired a claimed homestead exemption if the judicial liens were on the property when the debtor acquired the property). I therefore conclude that Cooper's judicial lien is not avoidable as impairing an exemption to which the debtor is entitled. Judgment may enter for the defendant, George Cooper.

---

6. Section 522(g) reads as follows:

   Notwithstanding sections 550 and 551 of this title, debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

   (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
   (B) the debtor did not conceal such property; or
   (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.