In re Verlin Ralph DURHAM and Joyce Virginia Handy Durham, Debtors.

Verlin R. DURHAM and Joyce V.H. Durham, Plaintiffs,

v.

Lula MONTGOMERY, Defendant.

Bankruptcy No. 3–82–01671.
Adv. No. 3–83–0120.

United States Bankruptcy Court,
D. Tennessee.

Aug. 25, 1983.

Douglas P. Jones, Johnson City, Tenn., for plaintiffs.

Boarman & Vaughn, Victor J. Vaughn, Johnson City, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is the extent of avoidability of defendant's judicial lien against the debtors' homestead. 11 U.S.C.A. § 522(f)(1) (1979). Defendant's judicial lien was a matter of record when the debtors executed a first deed of trust against their homestead in favor of a third party. Nonetheless, the debtors contend the operative effect of Bankruptcy Code § 522(f)(1) advances the priority of the consensual lienholder vis-a-vis the defendant's judicial lien, concomitantly preserving the debtors' homestead exemption in the maximum amount allowable. Defendant maintains that the consensual lien should be deducted against the debtors' homestead exemption instead of the nonexempt value of the homestead subject to the judicial lien.

### I

Most of the facts have been stipulated. On June 15, 1979, defendant Lula Montgomery obtained a judgment against the debtors in the amount of $3,000.00 plus court costs. A copy of this judgment was recorded on October 9, 1979, in the office of the Register of Deeds for Washington County, Tennessee. On October 3, 1980, defendant initiated proceedings to enforce her lien of judgment through the forced sale of the debtors' homestead property, located in Washington County. Ultimately, a judicial sale was held on or about May 30, 1981; Edsel Carden was the highest bidder at the sale.

Previous to confirmation of the judicial sale, on June 8, 1981, the debtors filed a chapter 13 bankruptcy petition. During the pendency of their chapter 13 proceeding, the debtors conveyed an unimproved 50' × 75' section of their homestead to the adjoining landowners. (This conveyance was subject to the defendant's previously recorded judicial lien.) The debtors' chapter 13 case was dismissed by the court on or about April 19, 1982, pursuant to 11 U.S.C.A. § 1307(c)(5) (1979) (material default by the debtor with respect to a term of a confirmed plan).

On October 5, 1982, Carden, the successful bidder at the May 1981 judicial sale, petitioned the state court for an order confirming the sale to him. On October 29, 1982, prior to a hearing in the state court on Carden's request, the debtors filed a chapter 7 bankruptcy petition.

The debtors' complaint to avoid the defendant's lien was filed on February 14, 1983. The value of the debtors' homestead property is $8,700.00. (See Ex. 1.) The amount of defendant's judicial lien against the property as of the date of the debtors' chapter 7 petition was $3,646.00. A first deed of trust in the amount of $917.00, recorded subsequent to the perfection of defendant's judicial lien, also encumbers the debtors' homestead.[1] General Finance Co. of Johnson City, Inc., the beneficiary of the first deed of trust, has assigned its interest to James E. Handy.[2]

The debtors maintain that a ranking of the priorities among the competing claims should begin with the consensual first deed of trust, $917.00, and the $7,500.00 exemp-

---

1. The date of registration for recording this first deed of trust is not disclosed in the record herein.

2. James E. Handy is the father of debtor Joyce Durham.

tion they assert, pursuant to Tenn.Code Ann. § 26–2–301 (1980), should respectively be subtracted from the $8,700.00 fair market value of their homestead. Hence, they contend the amount of defendant's lien not impairing their homestead exemption is merely $283.00.

Defendant, in contradistinction, argues that the consensual deed of trust lien should not have priority vis-a-vis her previously recorded judicial lien. In fact, defendant asserts that the $917.00 consensual lien should be deducted from the debtors' $7,500.00 homestead exemption and that, consequently, the unavoidable amount of her judicial lien is $2,117.00.[3]

## II

Bankruptcy Code § 522(f) recites in material part:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien;
>
> . . . .

11 U.S.C.A. § 522(f) (1979).

In accordance with 11 U.S.C.A. § 522(b) (1979), the homestead exemption to which the debtors are entitled is codified in Tenn. Code Ann. § 26–2–301 (1980), which enacts in apposite part:

> *Basic exemption.* (a) An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). Provided, however, individuals who jointly own and use real property as their

principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500) . . . .

Clearly, defendant's judicial lien impairs an exemption to which the debtors are entitled.

The question, however, is whether Congress intended for the exercise of a debtor's avoidance rights under Code § 522(f)(1) to benefit a junior consensual lienor[4] at the expense of the judicial lienor whose interest is partially avoidable by a debtor in bankruptcy. The legislative history of Code § 522(f) does not expressly address the issue:

> Subsection (f) protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien, and may similarly avoid a nonpurchase-money security interest in certain household and personal goods. The avoiding power is independent of any waiver of exemptions.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 362, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6318.

Further, there is a split in the case authority on the issue.

*Matter of Fiore,* 27 B.R. 48 (Bkrtcy.D. Conn.1983), involved a priority dispute among a judicial lienor (Cooper), a mortgagee (Casey), and the debtor. The funds at issue, $30,679.00, represented the balance of the proceeds from the sale of the debtor's homestead after satisfaction of four mortgages having priority as against Cooper's $2,697.59 judicial lien. Casey's mortgage lien in the amount of $28,789.00 was predat-

---

**3.** This figure represents the difference between the fair market value of the homestead property ($8,700.00) and the amount of the debtors' homestead exemption less the amount of the first deed of trust ($6,583.00).

**4.** Undisputedly, the defendant's judicial lien is entitled to priority under Tennessee Law. See Tenn.Code Ann. § 66–26–105 (1980) (Priority of registered instruments).

ed by and junior under Connecticut law to Cooper's judicial lien. The debtor, asserting his right to a $7,500.00 homestead exemption under Code § 522(d)(1), insisted that Cooper's judicial lien be avoided in its entirety; otherwise, no portion of the proceeds whatsoever would be exemptable by him, since the sum of the judicial and mortgage lien exceeded the controverted proceeds and the mortgage lien was not avoidable. Cooper argued that permitting the debtor to avoid his judicial lien amounted to a rejection of applicable nonbankruptcy law, which afforded him priority vis-a-vis Casey's mortgage lien, under the guise of protecting the debtor's exemption. The opinion recites in pertinent part:

> At the time Cooper liened the debtor's property he was not impairing any potential exemption. To allow the debtor to place a voluntary lien on his property, and thereby eliminate Cooper's judicial lien through the use of § 522(f) is an unjust result and should not be imputed to be Congress' purpose and objective in enacting § 522(f). It is significant that Congress in § 522(g) prohibited a debtor from claiming an exemption in property which a trustee recovers from a transferee if the transfer by the debtor was voluntary. Like considerations should prevail under § 522(f) when a debtor voluntarily liens his property retaining insufficient equity for his homestead exemption except by seeking to avoid a judicial lien recorded prior to the voluntary lien.

*Matter of Fiore,* 27 B.R. at 50.

The *Fiore* court declined to follow the previous decision of *In re Losieniecki,* 17 B.R. 136 (Bkrtcy.W.D.Pa.1981), wherein the court held that a debtor in bankruptcy may avoid a judicial lien which precedes an unavoidable mortgage. The fair market value of the debtors' homestead in *Losieniecki* was $42,500.00; pursuant to Code § 522(d)(1) the debtors claimed a $15,000.00 homestead exemption. Their homestead was encumbered by the following liens:

| DATE | NATURE OF LIEN | LIENOR | AMOUNT |
|---|---|---|---|
| October 27, 1977 | Judgment | Thrift | $ 2,640.00 |
| November 14, 1978 | Mortgage | FMHA | 40,864.23 |
| January 5, 1979 | Judgment | Thrift | 3,150.00 |
| March 12, 1980 | Judgment | Marion Bank | 3,361.68 |
| | | Total Encumbrances | $50,015.91 |

The *Losieniecki* court unhesitantly determined that the judgment lien of Marion Bank was avoidable by the debtors. Rejecting Thrift's contention that Code § 522(f) may not be applied retroactively to October 1, 1979, the effective date of the Bankruptcy Reform Act of 1978, the court further determined that Thrift's 1979 judgment lien was likewise avoidable. Thrift contended that its October 27, 1977, judgment lien was unavoidable even if Code § 522(f) could constitutionally be retroactively applied. (By virtue of the decision in *United States v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), it is now clear that Code § 522(f) may not be retrospectively applied to avoid pre-enactment property rights.) According to Thrift, Congress intended for Code § 522(f) to benefit debtors, not enhance the position of junior mortgagees (such as FMHA). Citing 11 U.S.C.A. § 551 (1979), which preserves for the benefit of a debtor's estate the lien of any transfer avoided under Code § 522, the *Losieniecki* court concurred in Thrift's reasoning. However, the court nonetheless found that Thrift's first judicial lien impaired the debtors' exemption rights and concluded it was avoidable.

■ This court agrees with the reasoning of Judge Krechevsky in *Matter of Fiore.* The debtors' homestead was encumbered by defendant's judicial lien when they executed a first deed of trust against their homestead. Presumably they waived their homestead rights to the extent of the indebtedness secured by the deed of trust. Under the circumstances, it is inequitable to permit the debtors to take advantage of the fact that they themselves have impaired a homestead exemption through the consensual execution of a deed of trust. They are not entitled to the maximum homestead exemption at the direct expense of the de-

fendant, whose interest is superior under Tennessee law to that of the holder of the deed of trust, under the facts in this case.[5]

Defendant's lien impairs the debtors' allowable exemption to the extent the amount of the lien exceeds the equity above the $7,500.00 exemptable amount. Consequently, pursuant to Code § 522(f)(1), the defendant's lien is reduced to $1,200.00.

This Memorandum constitutes findings of fact and conclusions of law required by Bankruptcy Rule 7052.

---

**5.** See *Matter of Brahm,* 7 B.R. 253, 254 (Bkrtcy. S.D.Ohio 1980) (dicta) wherein Judge Anderson states: "The fact that a lien may impair an exemption, giving rise to a lien avoidance, does not invalidate the lien but merely the remedy. The lien remains valid as to third parties."