CITICORP, Plaintiff,

v.

BANK OF LANSING, Defendant.

No. H 81–513.

United States District Court,
N.D. Indiana,
Hammond Division.

March 8, 1985.
As Amended March 20, 1985.

Sidney Mishkin, R. Davy Eaglefield, III, Mishkin, Eaglefield & Grossman, Indianapolis, Ind., for plaintiff.

Daniel L. Freeland, Highland, Ind., William M. Freeman, Lansing, Ill., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

KANNE, District Judge.

This matter is before the court upon defendant's Motion to Dismiss. The material facts as disclosed by the complaint are as follows: Mr. and Mrs. John Swets were beneficiaries of three Indiana land trusts holding real estate in Lake County, Indiana. On January 29, 1980, the Swets gave a security interest on their beneficial interest in these land trusts to the defendant, Bank of Lansing, to secure a loan for their business. For purposes of this motion the court accepts as true plaintiff's allegation that the defendant, an Illinois financial institution, failed to perfect that security interest.

The Swets defaulted on an installment contract for grain bins and other farm equipment. On April 29, 1980, the plaintiff, Citicorp Leasing, Inc., obtained a judgment in the Lake County Circuit Court against the Swets for $308,912. Thereafter, Citicorp initiated proceedings supplemental to execution against the Swets pursuant to I.C. 34-1-44-1. Plaintiff did not obtain a writ of execution against the Swets prior to initiating the proceedings supplemental.

On September 17, 1980, the trustee sold all three land trusts for the sum of $590,-000 and paid the entire amount to the defendant in satisfaction of the Swets' debt with defendant.

Plaintiff filed suit in the instant case on September 25, 1981, in order to recover the proceeds from the sale of these land trusts from the defendant.

Plaintiff argues that pursuant to Indiana's judgment lien statute, I.C. 34-1-45-1, its judgment of April 29, 1980, gave rise to a lien on the Swets' interest in the land trusts. Further, plaintiff argues that the Swets' interest of the land trust is a "chattel real" under Indiana law and therefore plaintiff had a valid judgment lien on that interest and the resulting proceeds which take priority over defendant's unperfected security interest.

Defendant, on the other hand, contends that the beneficiary of an Indiana land trust has only a personal property interest. Since Indiana's judgment lien statute applies only to real property interests or chattels real, defendant argues that a judgment lien never attached to the Swets' interest in

the land trusts and that therefore plaintiff never acquired a lien which could take priority over the defendant's unperfected security interest.

The issue is whether, under Indiana law, a lien attaches to the beneficiary's interest in a land trust as a result of a judgment against that beneficiary.

Therefore, if the beneficiary of an Indiana land trust does not have an interest which can be characterized either as real property or as chattel real, no lien can attach to that interest solely because of a judgment against the beneficiary.

A brief historical perspective is necessary for this analysis. The use of the land trust, which had developed in Illinois, became relatively routine in northwest Indiana prior to the adoption of the Indiana Trust Code in 1971. In fact, the use of the Illinois land trust appears to have been the catalyst which brought about the implementation of Indiana Trust Code provisions relating to land trusts. The Indiana Trust Code Commission Comments state that:

> Notwithstanding the lack of authority, the use of the land trust began to grow in northwestern Indiana, spilling over from the Chicago areas. Indeed, when the commission began to investigate its use, it found that a surprisingly large number of commercial and multi-family residential tracts in Lake and Porter Counties were owned as land trusts. The commission decided that it should recommend that Indiana follow other states, such as Florida, by enacting the statute validating the land trust.

Ind.Code Ann. § 30 (West 1984–85 Supp. p. 83).

■■ It is clear that in Illinois the beneficiary of a land trust has no interest, either legal or equitable, in the real estate held in the land trust. *Sterling Savings & Loan Association v. Schultz*, 71 Ill.App.2d 94, 218 N.E.2d 53, 60 (Ill.App.1966). It is equally apparent that under Illinois law a beneficiary's interest in a land trust is personalty. *Chicago Title & Trust Company v. Mercantile Trust & Savings Bank*, 300 Ill.App. 329, 20 N.E.2d 992 (1939). Thus it

has been held that since the only interest of a beneficiary under a land trust is considered to be personal property, a judgment cannot attach to such interest. The Court in *Sterling Savings & Loan Association v. Schultz*, stated that:

> The Illinois Statute relating to judgments against real estate specifically states that a judgment is a lien on real estate. It makes no mention of personal property, nor of the interest of a beneficiary under a land trust.

*Id.* 218 N.E.2d at page 60.

The Illinois Appellate Court in *Levine v. Pascal*, 94 Ill.App.2d 43, 236 N.E.2d 425 (1st Dis.Ill.1968), explains the nature of a land trust in Illinois:

> "The Illinois Land Trust, by its very nature, is characteristically different from common law land trusts. While the common law accomplishes a split between the legal title in the trustee and the equitable title in the beneficiary, *in an Illinois land trust, the trustee has both legal and equitable title. By placing with the trustee the 'full, complete and exclusive title to the real estate, both legal and equitable,' the beneficiary in an Illinois land trust is left with a personal property interest only ..."* (citations omitted) (emphasis added).

In *Levine* the Court went on to hold that, for the purposes of the Uniform Commercial Code (U.C.C.), the beneficial interest in a land trust is most aptly described as a "general intangible," which means "any personal property other than goods, accounts, contract rights, chattel paper, documents and instruments." U.C.C. § 9–106.

The Illinois statute with respect to the lien of judgments Ill.Rev.Stat. ch. 110 ¶ 12–101 (1984), says:

> [A] judgment is a lien on the real estate of the person against whom it is entered ... from the time a transcript, certified copy or memorandum of the order of revisal is filed....

Further, Ill.Rev.Stat. ch. 110 ¶ 12–105 defines real estate for the purposes of the statute:

[R]eal estate ... includes lands, tenements, hereditaments, and all legal and equitable rights and interests therein....

It would appear that the definition of real estate in the Illinois judgment lien statute includes all legal and *equitable* rights to real estate. This is not the case. Even where a land trust was not involved and a beneficiary was determined to have an equitable interest in a trust which included real estate, that equitable and beneficial interest was determined not to be subject to a judgment lien under Illinois law although the term "real estate" as used in the Illinois judgment lien statute was defined to include "all legal and equitable rights and interest therein and thereto". *Potter v. Couch*, 141 U.S. 296, 320, 11 S.Ct. 1005, 1011–1012, 35 L.Ed. 721 (1890).

■ It is not surprising, therefore, that with regard to an Illinois land trust where *both* equitable and legal title are placed with the trustee and the beneficiary's interest is determined to be personalty—a judgment lien will not attach to the beneficiary's interest.

We will now turn from the law of Illinois to the law of Indiana. Prior to 1971, Indiana had no statute or body of common law which specifically provided for "land trusts". The common law relating generally to trust estates comprised of land and judgment liens is succinctly set forth at 17 I.L.E. § 467 *Judgment—Trust Estates*, p. 468, 469:

> Although the lien of a judgment does not attach to the mere legal title to land existing in the judgment debtor, when the equitable and beneficial title is in another, ... since the statute [I.C. 34–1–45–1] makes lands held in trust for another subject to execution, *a lien of a judgment against a beneficiary of a trust will attach to his interest in the trust* (emphasis added).

The statute referred to above, I.C. 34–1–45–1, provides as follows:

> The following real estate shall be liable to all judgments ...
> ....

Fourth. Lands, or any estate, or interest therein, holden by any one in trust for, or to the use of another.

Fifth. All chattels real of the judgment debtor.

■ Under Indiana common law it is clear that a beneficiary's interest in a trust which includes real estate is classified as an equitable interest. It is further clear that such a beneficial interest in a trust is subject to a judgment lien in Indiana.

The case of *Maxwell v. Vaught*, 96 Ind. 136 (1884), applied the forerunner of I.C. 34–1–45–1 to an issue similar to the one presented in this case. The Indiana Supreme Court asked 100 years ago: What rights have the judgment creditors of a beneficiary against the lands held in trust for him? The Indiana Supreme Court answered the question by stating that lands held in trust have been liable to sales on execution issued on judgments against beneficiaries since the enactment of R.S.1881, § 752, in 1852. The Court went on to say that prior to 1852 the cases affirmed the doctrine that "in general mere equitable estates in land are not subject to execution, but none [of those cases] hold that estates held in trust for another ... can not be levied upon."

The court in *Maxwell* further made the analogy that under the statute, "lands held in trust for another, and lands fraudulently conveyed stand on the same footing, and are equally subject to execution."

Finally, in the *Maxwell* decision, the court quoted *Wilson v. Rudd*, 19 Ind. 101 (1862), in reference to the provisions in the predecessor of I.C. 34–1–45–1 that "These provisions, it seems to us, make every interest which a judgment debtor has in real estate, liable to execution."

The trust code adopted in Indiana in 1971, while validating the use of land trusts and attempting to clarify the interests of the parties involved, does not seem to have altered the provisions contained in I.C. 34–1–45–1 which have been interpreted by the Indiana courts.

As we have seen, in Illinois both legal and equitable title in a land trust are vested in the trustee. Under Indiana law, however, this is not the case. I.C. 30–4–2–7 provides that the beneficiary takes an equitable interest in the trust property. I.C. 30–4–2–7 also provides that, except under limited conditions, the beneficiary's equitable interest is personal property.

There is a basic and fundamental difference between Indiana and Illinois law insofar as the effect of judgment liens on beneficial interests of land trust is concerned. These may be enumerated as follows:

(1) Under Indiana law a land trust beneficiary has an equitable interest; under Illinois law a land trust beneficiary has neither an equitable or legal interest; and

(2) Under Indiana common law a beneficiary's equitable interest in a general trust is subject to a judgment lien; under Illinois common law a beneficiary's equitable interest in a general trust is not subject to a judgment lien.

The only similarity in the nature of a beneficiary's interest in a land trust under both Indiana and Illinois law is that that beneficial interest is classified as personal property.

As we have seen, Illinois courts determined that because a beneficial interest in a land trust is classified as personal property, it constitutes neither a legal nor equitable interest and is not subject to a judgment lien. However, in Indiana the fact that a beneficial interest in a land trust is personal property is not dispositive of whether or not such equitable interest is subject to a judgment lien. In fact, it is clear from I.C. 30–4–4–3 that judgment liens do attach to a beneficiary's interest in a trust estate. No distinction is made between land trusts and trusts in general.

The effect of a judgment lien against a beneficiary is set forth in I.C. 30–4–4–3(b):

(b) When trusts property is properly sold or disposed of by the trustee to a third person, the liens against a beneficiary's interest in the trust estate, if any, will be divested from that property and will attach to the interest of that beneficiary in the proceeds from its sale or other disposition.

Based on the foregoing, it does not appear that the Indiana trust code has altered the common law which provides that the lien of a judgment against a trustee does not attach to the trust property, but the lien of a judgment against a beneficiary does attach to it. 17 I.L.E. § 467 *Judgment—Trust Estates,* p. 468.

The reason why trusts, which consist of land and "land trusts", are treated alike lies in the fact that Indiana's judgment lien law provides that "All final judgments ... shall be a lien upon real estate and *chattels real* liable to execution in the county where ... such judgment has been duly entered...." I.C. 34–1–45–2 (emphasis added).

■ A "chattel real" is an interest having the character of immobility, less than freehold, annexed to, or growing out of, real estate, such as an estate at will and by sufferance, and an estate for years. At common law, chattels real were regarded as personal property but, under the present statute, I.C. 34–1–45–2, judgments are liens upon chattels real and they are sold as real estate. 24 I.L.E. § 2 *Property,* p. 4. The Indiana Supreme Court has left little doubt that the conversion of real property to personal property by agreement cannot be used to defeat the rights of third parties. *Cf. Comer v. Light,* 175 Ind. 367, 93 N.E. 660 (1911). While the real estate, which forms the *res* of the trust, is not subject to a judgment lien obtained against a beneficiary, that beneficiary's equitable interest will be subject to such a lien.

■ Thus, where a beneficial interest in a land trust is equitable in nature, the fact that it is denominated as personal property does not insulate it from a judgment lien. Personal property has within it, that species described as "chattels real" and chattels real are subject to judgment liens in Indiana. Thus, it is not inconsistent, under the Indiana trust code, to have a beneficial

and equitable interest in a land trust subject to a judgment lien as provided under I.C. 30–4–4–3(b). The personal property interest of the beneficiary constitutes a "chattel real".

Illinois law developed in a different fashion. A beneficial interest in a land trust where both equitable and legal title are vested in a trustee leaves the beneficiary with an interest defined only as personal property. The fact that the Illinois judgment lien statute does not include chattels real coupled with the fact that an Illinois beneficiary has no equitable interest in the land trust insulates that beneficiary's interest from a judgment lien. The distinction between Indiana law and Illinois law compels differing results.

■ The Swets' interest in the three land trusts in question are chattels real subject to plaintiff's judgment against them under I.C. 34–1–45–1 and gave rise to a lien against the Swets' interest in the land trusts pursuant to I.C. 34–1–45–2. Upon the sale of the three trusts, this lien attached to the interest of the Swets in the proceeds from the sale according to I.C. 30–4–4–3(b) which states:

> When trust property is properly sold or disposed of by the trustee to a third person, the liens against a beneficiary's interest in the trust estate, if any, will be divested from that property and will attach to the interest of that beneficiary in the proceeds from its sale or other disposition.

Therefore, as of April 29, 1980, plaintiff had a lien against the Swets' interest in the land trusts, and upon the sale of the land trusts the plaintiff had a lien on the sale proceeds due the Swets. Defendant acquired a security interest in the same property on January 29, 1980. But for the legal analysis here the question remains open whether this security interest remained unperfected or was perfected.

The provisions of the Indiana U.C.C., I.C. 26–1–9–301, governs priorities involving unperfected security interests. Section 301 provides that:

> [A]n unperfected security interest is subordinate to the rights of (b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected. . . .

There is no averment that plaintiff had knowledge of the unperfected security interest in the instant case. Further, plaintiff acquired the status of a U.C.C. "lien creditor" on April 29, 1980, when they obtained a judicial lien against the Swets. *See e.g., Ralston Purina Co. v. Detwilee,* 173 Ind.App. 513, 364 N.E.2d 180 (1977).

Plaintiff's judgment lien against the proceeds from the sale of the land trusts would take priority over defendant's prior unperfected security interest in the proceeds. On the other hand, if defendant's interest was perfected prior to plaintiff's obtaining judgment then, under the Indiana Uniform Commercial Code, defendant was entitled to the proceeds of Swets' interest. The general rule of first in time—first in right would obtain.

In accordance with the above, defendant's motion to dismiss should be denied.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss is OVERRULED and DENIED.