In re Mary GREEN, Debtor.

Bankruptcy No. IP84–4471B.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Sept. 9, 1986.

Gary D. Cohen, Cohen, Mann & More-lock, Indianapolis, Ind., for Chemical Financial Services.

John E. Gardis, Kroger, Gardis & Regas, Indianapolis, Ind., for debtor.

John Tobin, Jr., Indianapolis, Ind., for Charles Green.

1. Debtor could have elected a residential real estate exemption of $7,500.00. I.C. 34–2–28–

ENTRY ON MOTION OF CHEMICAL FINANCIAL SERVICES CORPORATION TO CLARIFY ENTRY

ROBERT L. BAYT, Bankruptcy Judge.

1. *Factual Statement*

On November 20, 1984, Debtor Mary W. Green ("Debtor") filed her bankruptcy petition under Chapter 7 of Title 11 of the United States Code. In pertinent part, Debtor's Statement of Financial Affairs reveals the following encumbrances.

1. 1966 perfected first mortgage on realty located at 3148 Ashway Drive, Indianapolis, Indiana, in favor of Union Central Life Insurance Company in the approximate amount of $10,000.00.

2. March, 1983, judgment lien of Charles Green in the approximate amount of $17,600.00.

3. July 20, 1983, perfected second mortgage on realty located at 3148 Ashway Drive, Indianapolis, Indiana, in favor of Chemical Financial Services Corporation in the approximate amount of $20,000.00.

4. 1984 judgment lien of Avco Financial Services of Indianapolis in amount of $2,955.00.

5. 1984 judgment lien of Charles Green in amount of $378.00.

The only realty owned by Debtor at the time of the petition's filing is the subject real estate located at 3148 Ashway Drive, Indianapolis, Indiana. The realty has a fair market value of $36,600.00. August 15, 1985, Entry, p. 2. Debtor claims an exemption in the subject realty in the amount of $6,000.00.[1]

Judicial lien holder Charles Green argues that his lien would not impair Debtor's exemption but for debtor's voluntary July, 1983, execution of the $20,000.00 second mortgage after the attachment of the March, 1983, judicial lien. Thus, the question before the Court is whether Debtor may avoid a judicial lien which impairs Debtor's exemption due to Debtor's volun-

1(a)(1).

tary execution of a second mortgage subsequent to the attachment of the judicial lien.

### 2. *Analysis*

The relevant avoiding statutory subsection is 11 U.S.C. Section 522(f), which states, in relevant part:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ..., if such lien is—
>
> (1) a judicial lien;
>
> \* \* \* \* \* \*

11 U.S.C. § 522(f)(1). The debtor may exempt only property of the estate. 11 U.S.C. § 522(b). A "judicial lien" is defined as a " ... lien obtained by judgment, levy, sequestration, or other legal or equitable process...." 11 U.S.C. § 101(30).

The following legislative history illustrates the contemplated avoiding effect of 11 U.S.C. Section 522(f).

> Under proposed 11 U.S.C. [§] 541, all property of the debtor becomes property of the estate, but the debtor is permitted to exempt certain property of the estate under this section. Property may be exempted even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the "value" of the property for the purposes of exemption. Thus, for example, a residence worth $30,000 with a mortgage of $25,000 will be exemptable to the extent of $5,000....
>
> As under current law, the debtor will be permitted to convert non-exempt property into exempt property before filing a bankruptcy petition. *See Hearings*, pt. 3, at 1355–58. The practice is not fraudulent as to creditors, and permits the debtor to make full use of the exemptions to which he is entitled under the law.

H.R.Rep. No. 95–595, 2nd Sess. 360–361 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6316–6317.

> Subsection (f) protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien....

H.R.Rep. No. 95–595, 2nd Sess. 362 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6318.

### A. *11 U.S.C. § 522(f) Preemption of Indiana Law*

Under Indiana law, absent the filing of a bankruptcy petition, a lien creditor without knowledge of an unperfected security interest has priority over such unperfected security interest. I.C. 26–1–9–301(1)(b) (1962 ver.);[2] *see also Ralston Purina Co. v. Detwiler*, 173 Ind.App. 513, 364 N.E.2d 180, 183 (1977). Obviously, a judicial lien creditor is a lien creditor. *Citicorp v. Bank of Lansing*, 604 F.Supp. 585, 590 (N.D.Ind.1985).

Given a bankruptcy filing, however, I.C. 26–1–9–301(1)(b) must yield to the priority of distribution within the Bankruptcy Code. *See International Shoe Co. v. Pinkus*, 278 U.S. 261, 263–266, 49 S.Ct. 108, 109–110, 73 L.Ed. 318 (1929); *In re Silverman*, 45 B.R. 892, 895–896 (S.D.N.Y.1985); *In re Fidelity Standard Mortg. Corp.*, 36 B.R. 496, 499 (Bkrtcy.S.D.Fla.1983). While property interests are defined by state law,[3] Indiana law does not suggest that a subsequently perfected security interest becomes unperfected merely due to the presence of an antecedent judicial lien.[4]

---

**2.** The 1972 version of I.C. 26–1–9–301(1)(b), inapplicable here, eliminates the requirement that the lien creditor be without knowledge of the unperfected security interest.

**3.** *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

**4.** This case is distinguishable from *Matter of Acklin*, 17 B.R. 614 (Bkrtcy.W.D.Pa.1982). In *Acklin*, the bankruptcy court found that under Pennsylvania law security interests executed subsequently to judicial liens are treated as judicial liens rather than security interests. 17 B.R. at 616–617.

Outside bankruptcy and under Indiana law, a security interest perfected after the creation of a judicial lien remains perfected but is junior to the prior lien. Congress has permissibly altered the "race" of the Uniform Commercial Code by establishing the supremacy of perfected security interests.

### B. Pre-filing Perfection of Subsequent Security Interests Does Not Alter Judicial Lien Avoidance

Despite the concise, clear and unambiguous language of 11 U.S.C. Section 522(f), the judicial lien holder argues that it is unjust to allow a debtor to create a lien avoidance situation by voluntarily executing a later mortgage which causes the judicial lien to impair debtor's exemption.

The judicial lien holder's position is supported by two reported bankruptcy court cases and by a dissent in a Third Circuit case. The reasoning of Judge Krechevsky in *Matter of Fiore*, 27 B.R. 48 (Bkrtcy.D. Conn.1983), has been followed by *In re Durham*, 33 B.R. 23, 26 (Bkrtcy.D.Tenn. 1983), and by Becker, J., dissenting in *In re Simonson*, 758 F.2d 103, 109 (3rd Cir.1985). *Fiore* states:

> [a]t the time Cooper [the judicial lien holder] liened the debtor's property he was not impairing any potential exemption. To allow the debtor to place a voluntary lien on his property, and thereby eliminate [the] judicial lien through the use of § 522(f) is an unjust result and should·not be imputed to be Congress' purpose and objective in enacting § 522(f). It is significant that Congress in § 522(g) prohibited a debtor from claiming an exemption in property which the trustee recovers from a transferee if the transfer by the debtor was voluntary.* (footnote omitted)

27 B.R. at 50. The analysis of *Fiore* proves too much and is contrary to the plain language and meaning of 11 U.S.C. Section 522(f). The Congressional history of 11 U.S.C. Section 522(f), *supra*, contemplates and approves of "exemption planning" assuming such planning involves transfers for reasonably equivalent value.[5] *See* H.R.Rep. No. 95–595, 2nd Sess. 361, *supra, reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6317; 3 *Collier on Bankruptcy* ¶ 522.08[4], p. 522–38–522–40 (15th ed. 1986); *In re Saxon*, 51 B.R. 246, 248 (Bkrtcy.S.D.Ind.1983).

Further, the rationale of 11 U.S.C. Section 522(g)[6] is inapplicable to perfected security interests. As shown *infra*, at 2.C, a debtor has transferred her equitable interest in the value of a consentual mortgage and no value so encumbered by a security interest is recoverable by the estate. *See, e.g.*, 11 U.S.C. § 542(a) (property of "inconsequential value" to the estate not subject to turnover).

▪ In short, this Court rejects the analysis of *Fiore, supra*, and holds that irrespective of the chronology in which secured debt and judicial liens are incurred, the judicial liens are subject to avoidance under 11 U.S.C. Section 522(f) to the extent that such judicial liens impair debtor's exemption. *Accord, Simonson, supra*, 758 F.2d at 105 (stating that if the subject property had produced sale proceeds in excess of the consentual liens, the debtor would have had an exemptable interest in the excess, despite the fact that the second consentual lien was executed after the judicial liens in question); *Brown v. Beneficial Consumer Discount Co.*, 25 B.R. 319, 321

---

5. There is no evidence of conscious "exemption planning" in the case at bar.

6. 11 U.S.C. Section 522(g) reads:

(g) Notwithstanding sections 550 and 551 of this title, debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

11 U.S.C. § 522(g).

(M.D.Pa.1982); *In re Losieniecki*, 17 B.R. 136, 140 (Bkrtcy.W.D.Pa.1981). The instant holding is reinforced by the dichotomy within the Bankruptcy Code between the distribution afforded secured and lien creditors vis-a-vis the debtor's estate. *Compare* 11 U.S.C. §§ 541(d) and 522(c)(2)(A) *with* 544(a)(1) and 522(f)(1).

### C. Perfected Security Interests Reduce Amount Available for Debtor's Exemption by Amount Subject to Security Interest

 As an alternative basis for the Court's decision, the Court holds that otherwise exemptable values which are subject to a perfected security interest cannot be included in the debtor's estate for purposes of 11 U.S.C. Section 522(f) lien avoidance. The effect of this holding in the instant action is that Debtor has a $6,600.00 exemptable interest in the subject realty.

Indiana follows the lien theory of mortgages. *See Indiana Dept. of State Rev. v. Colpaert Realty Corp.*, 231 Ind. 463, 109 N.E.2d 415, 418 (1952). Therefore, until transfer of the debtor's ownership by sheriff's sale (*see* I.C. 32–8–16–6), property wholly encumbered by security interests is estate property. *See, e.g., United States v. Whiting Pools*, 462 U.S. 198, 204–207, 103 S.Ct. 2309, 2313–2314, 76 L.Ed.2d 515 (1983).[7] However, to the extent property is subject to a perfected security interest, the monetary *value* of such security interest is an " ... equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d). Therefore, property values encumbered by a security interest are not includable in Debtor's estate for purposes of computing Debtor's exemption. *See* H.R.Rep. No. 95–595, 2nd Sess. 360–361, *supra, reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6316; *accord, Simonson, supra*, 758 F.2d at 105.[8]

**7.** While Debtor's bare legal title without equity is obviously estate property, the automatic stay will not protect such property against execution absent adequate protection of a secured creditor's interest. 11 U.S.C. § 362(d)(1).

**8.** Irrespective of lien avoidance, upon the filing of a bankruptcy petition, a judicial lien will not

Pursuant to Rules 9014, 7052 and Federal Rule of Civil Procedure 52, this Entry constitutes all applicable findings of fact and conclusions of law.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the March, 1983, judicial lien of Charles Green impairs Debtor's exemption in the amount of $6,000.00, and that Charles Green's judicial lien be, and hereby is, AVOIDED to the extent of $6,000.00.

attach to real property to the extent that the value of such realty is encumbered by perfected security interest or consentual mortgages. *See* I.C. 34–1–45–2; *Matter of Dewyer*, 11 B.R. 551, 552 (Bkrtcy. W.D.Pa.1981).