**In re Linda and Richard SWEETING, Debtors.**

**Bankruptcy No. 91–22912.**

United States Bankruptcy Court, W.D. New York.

March 23, 1992.

---

7. *See supra* note 2.

Lucien A. Morin, II, Rochester, NY, Trustee.

Nancy L. Baker, Rochester, NY, for debtor.

## DECISION

JOHN C. NINFO, II, Bankruptcy Judge.

The debtors have brought this motion, pursuant to 11 U.S.C. § 522(f)(1), to avoid a judgment lien to the extent such lien impairs their homestead exemption. There appears to be no dispute as to the facts. The issue is whether a judgment lien may be avoided under Section 522(f)(1) when there is a junior mortgage which postdates and follows the lien in priority under state law.

At the time the voluntary Chapter 7 petition was filed on October 18, 1991, the debtors owned a residence located at 208 Evergreen Road, Brockport, New York, as tenants by the entirety. This property was encumbered by a first mortgage in favor of First Northern Bank of $67,138.63 and a second mortgage in favor of First Federal Savings of $8,549.53. Frank Bianchi had obtained a judgment against Richard Sweeting in the amount of $19,616.32 and docketed the judgment on August 7, 1990, at which time it became a lien only on the interest of Richard Sweeting in the property. Thereafter, in December of 1990, the property was encumbered by a $34,000 third mortgage voluntarily granted by the debtors to Citibank.

An appraisal submitted in support of the debtors' motion fixes the value of the property at $105,000. The encumbrances in order of priority are as follows:

| 1. | First Northern Bank | $67,138.63 | mortgage |
| 2. | First Federal Savings | $ 8,549.53 | mortgage |
| 3. | Frank Bianchi | $19,616.32 | judgment |
| 4. | Citibank | $34,000.00 | mortgage |

Section 522(f)(1) allows the avoidance of judgment liens, not mortgages voluntarily granted. Therefore, the debtors may be able to avoid the Bianchi judgment lien but they can not avoid the junior mortgage of Citibank. Counsel for the debtors argues that existing case law suggests that the prior Bianchi judgment lien is avoidable.

The Bankruptcy Court in *In re Braddon*, 57 B.R. 677 (Bankr.W.D.N.Y. 1986) found that debtors can claim an exemption and avoid judgment liens where the prior mortgages encumbering the property exceed its fair market value. The Second Circuit has taken the position that "[T]he debtor is permitted, even if he lacks an equity interest in the property to avoid the fixing of a judicial lien on the property if that avoidance would allow him to enjoy an exemption provided by § 522(b)." *In re Brown*, 734 F.2d 119, 125 (2d Cir.1984). Debtors argue that even though the outstanding balances on the three mortgages which encumber their residence substantially exceed $105,000, its fair market value, they should be allowed to avoid the Bianchi judgment lien.

The Second Circuit and the *Braddon* Court only considered whether a debtor could avoid liens over and above the unavoidable encumbrances. In this case, there is a third unavoidable mortgage after the Bianchi judgment. It was the debtors who chose to impair their property by further encumbering it with a consensual lien in favor of Citibank. If the debtors are allowed to avoid the Bianchi judgment lien, state law property rights would be altered and Citibank's position would be elevated over a prior and, under state law, superior lien.

In the case of *Matter of Fiore,* 27 B.R. 48, 50 (Bankr.D.Conn.1983), Judge Krechevsky agreed with the judgment creditor's argument that to promote the junior lien of a mortgage at the expense of a senior, albeit judgment lien, was an unwarranted rejection of state law which establishes priority of liens in the order of recordation. "To allow the debtor to place a voluntary lien on his property, and thereby eliminate ... [a] judicial lien through the use of § 522(f) is an unjust result and should not be imputed to be Congress' purpose and objective in enacting § 522(f)." *Id.* 27 B.R. at 50. Although the *Fiore* decision was based on the situation where the debtor would have had sufficient equity in the property to provide for both a homestead exemption and the payment of the judgment lien if he had not further encumbered the property with a mortgage, the reasoning in *Fiore* should govern this situation also.

In *In re Baldwin,* the Court concluded that the reasoning in *Fiore* was consistent with the legislative history that it was primarily those liens taken on the eve of bankruptcy that the statute was designed to protect against. 84 B.R. 394, 397 (Bankr. W.D.Pa.1988); H.R.Rep. No. 595, 95th Cong. 1st Session 126–27 (1977) reprinted in 1978 *U.S.Code Cong. & Admin. News,* 5787, 5963, 6087–88. "Congress presumed the last encumbrance on the debtor's property would be non-consensual and that in the absence of such non-consensual lien, the debtor would have had some equity in the property." *Baldwin,* 84 B.R. at 397. The Court found that when a debtor enters into a mortgage transaction both he and the mortgagee know that the mortgage will be subordinate to the liens of any prior judgments against the debtor. Therefore, the *Baldwin* court interpreted the legislative history "to show an intent that where a debtor voluntarily subjects his property to the lien of an unavoidable subordinate mortgage, the debtor's act insulates the prior judgment liens from avoidance for exemption purposes." *Id.* at 399.

In enacting Section 522(f)(1) and promoting the debtors' quest for a fresh start, Congress has afforded debtors some extraordinary powers *vis-a-vis* certain creditors. There is no evidence that it intended that debtors be allowed to shuffle the priority of lien creditors as they relate to each other, contrary to New York State's law, "first in time is first in right." *See* 75 N.Y.Jur. Liens § 42 (1989). Therefore, the debtors may not avoid the Bianchi judgment lien under Section 522(f).

IT IS SO ORDERED.