### In re Marguerite A. DYKEMAN, Debtor.

### Marguerite A. DYKEMAN, Plaintiff,

### v.

### BANK OF ATKINSON, Defendant.

**Bankruptcy No. 86–82000.
Adv. Nos. 86–8375, 86–8379.**

United States Bankruptcy Court,
C.D. Illinois.

July 31, 1987.

Bernard G. Stutler, Knoxville, Ill., for debtor/plaintiff.

Philip E. Koenig, White and Koenig, Geneseo, Ill., for defendant.

### ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter came on to be heard upon the Debtor's motion to avoid the judicial lien on real estate held by the Bank of Atkinson. Previously in the main proceeding, No. 86–82000, after hearing the bank's motion to determine status of claim and debtor's response thereto, this Court held the bank had a secured claim in the amount of $9,148.82 and an unsecured claim in the amount of $28,228.73.

At the hearing on the motion to avoid the lien, this Court held because the title to the real estate was in the name of the Debtor and because her husband had no titled interest in the real estate, only the Debtor

could claim a homestead exemption in the amount of $7,500.00.

This Court took under advisement the question of how much of the bank's judicial lien in the amount of $9,148.82 should be avoided under Section 522(f). The bank cites *In re Duncan*, 43 B.R. 833, 11 C.B. C.2d 677 (1984 D.Alaska) as authority for the proper method for determining how much of the bank's judicial lien should be avoided.

Applying the principles outlined in *In re Duncan*, this court first ranks the liens in their order of priority as follows: First, tax liens totaling $674.94. The date for determining the amount of the tax liens should be the date of the filing of the debtor's Chapter 7 proceeding, which was August 5, 1986. As of that date the 1985 taxes of $332.08 would have been due and payable. Penalties in the amount of $339.29 for failure to pay the 1985 taxes should not be included, as the bulk of the penalties would have accrued after the date the Debtor filed her Chapter 7 proceeding. The 1986 taxes are prorated to the amount of $342.86 because they became a lien as of January 1, 1986, but were not payable until sometime in 1987 and should be prorated from January 1, 1986, to the date of the filing of the Debtor's Chapter 7 proceeding. The 1987 taxes became a lien January 1, 1987, and should not be considered because they became a lien after the date of the Debtor's Chapter 7 proceeding. The lien with second priority would be the first mortgage of $2,851.18. The bank's judicial lien in the amount of $9,148.82 would have third priority. Next, this Court refers to its order in the main proceeding, finding the value of the real estate to be $12,-000.00. Finally, this court subtracts from the value of the real estate the Debtor's homestead of $7,500.00, resulting in an equity of $4,500.00, subtracts the tax liens reducing the equity to $3,825.06, and subtracts the first mortgage lien reducing the equity to $973.88.

IT IS, THEREFORE, ORDERED that the judgment lien of the bank is avoided, except for $973.88 which will remain as a lien on the real estate.