### In re Michael SPEARMAN.

### No. CV 90–2565.

United States District Court,
E.D. New York.

March 14, 1991.

Meiselman, Boland, Reilly & Fugazi by David B. Owens, Mineola, N.Y., for Michael Spearman.

Mullen & Iannarone, P.C. by Joseph Latona, Smithtown, N.Y., for European American Bank.

Sawyer, Davis & Halpern, Garden City, N.Y.

Robert L. Pryor, Trustee, Mineola, N.Y.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

The above-referenced action is an appeal, pursuant to Bankruptcy Rule 8001(a), from a final order of the Honorable Cecelia H. Goetz, United States Bankruptcy Judge. That order denied, in part, a motion to vacate a judicial lien pursuant to 11 U.S.C. § 522(f), and additionally granted avoidance of six judicial liens which were junior to a non-dischargeable Internal Revenue Service, ("IRS"), lien. Thus, the judicial lien of the European American Bank and Trust Company, ("EAB" or "appellee"), which was senior to the tax lien, was not avoided.

Michael Spearman, ("debtor" or "Spearman"), claims that this lien was also avoidable, and should have been vacated, because it impairs his homestead exemption. EAB claims that the homestead exemption is not impaired by its lien, and therefore argues that a vacating of the lien was properly denied by the bankruptcy court. After a brief outline of the background facts, the Court will address the parties' arguments on appeal.

## BACKGROUND

Spearman filed a bankruptcy petition pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.*, on June 19, 1986. The marital residence of Spearman and his wife, Alexandra Spearman, is owned by the couple as tenants by the entirety. According to the record, the value of the residence is $165,000, and it is to be sold pursuant to the liquidation proceeding. The residence is subject to a first mortgage of $20,000 and a second mort-

gage of $34,000. EAB holds a senior judicial lien on the property, as of January 9, 1984, in the amount of $16,251.81. There is also an IRS lien, to the extent of $51,476 for withholding taxes, which is not dischargeable. *See* 11 U.S.C. § 523(a)(1)(A). It is to be noted that Spearman is claiming a homestead exemption, *see* 11 U.S.C. § 522, in the amount of $10,000; inasmuch as the amount of that exemption is determined by state law, it is not disputed by the parties.

Alexandra Spearman is not a party to the bankruptcy proceeding, thus her equity in the homestead is excludable from the dispute. The parties are in agreement as to the fact that the two mortgages take priority over all liens, leaving a total equity of $111,000 ($165,000 value less the mortgages which total $54,000). After the non-party spouse's equity is taken into consideration, the debtor's remaining equity is $55,-500. It is to be noted that both parties agree with these calculations. As noted above, the bankruptcy court determined that only the six judicial liens which were junior to the tax lien were avoidable. Spearman appeals that decision, and seeks to additionally avoid the senior lien of EAB. In taking that position, Spearman argues that the senior lien of EAB, (and it is to be noted that Spearman concedes that the EAB lien is senior to the tax liens), is not entitled to *priority* over the IRS liens. *See* Appellant's Brief at 4. For the reasons set forth below, this Court determines that the judicial lien of EAB is not avoidable, and therefore the order of the bankruptcy court must be affirmed.

## DISCUSSION

Bankruptcy Rule 8013 provides that: "[o]n an appeal, the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, ... shall not be set aside unless clearly erroneous...." Bankruptcy Rule 8013 (1990). Thus, as to findings of fact, the "clearly erroneous" standard applies. *Id.* As to conclusions of law, the district court "'must make an independent determination of the applicable

law.'" *Musso v. Tesmetges,* 47 B.R. 385, 388 (E.D.N.Y.1984) (citations omitted). Inasmuch as this appeal solely presents a question of law, the Court will undertake a *de novo* analysis of the issue.

As noted above, Spearman had sought, in the bankruptcy court, to avoid the EAB lien based upon 11 U.S.C. § 522(f), which provides that a debtor may avoid a judicial lien fixed on property of the estate "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(f)(1). It is to be noted that subsection (b) of 11 U.S.C. § 522 allows a debtor to exempt from property of the estate any property which is exempt under federal or state law, *see* 11 U.S.C. § 522(b)(2); in this case Spearman claims a $10,000 homestead exemption.

The dispute herein is intertwined with the statutory interpretation of 11 U.S.C. § 724(b), which involves the distribution of property to certain lienholders, including liens which are senior to tax liens. According to that statute:

> Property in which the estate has an interest and that is subject to a lien that is not avoidable under this title and that secures an allowed claim for a tax, or proceeds of such property, shall be distributed—
>
> (1) first, to any holder of an allowed claim secured by a lien on such property that is *not avoidable* under this title and that is senior to such tax lien;....

11 U.S.C. § 724(b) (emphasis added).

Based on Spearman's interpretation, it is the senior judicial lien of EAB which impairs his homestead exemption, pursuant to 11 U.S.C. § 522(f), in that judicial liens may be avoided. *See id.* EAB contends that its lien does not impair Spearman's homestead exemption because there is remaining equity, sufficient to allow for the amount of the exemption, even after consideration of its lien. Moreover, EAB contends that if its lien does not impair debtor's homestead exemption, it is not avoidable by the debtor.

Spearman bases his view on a literal reading of § 724(b). He contends that the statute mandates that a determination be made as to the avoidability of all liens at issue, *before* the liens are given a priority for distribution purposes. *See* Appellant's Reply Brief at 2. Thus, appellant's view is that only liens "not avoidable" are to be considered in the order of distribution, which would require a determination of avoidability as a threshold issue. In effect, Spearman's approach would mandate that, since the nondischargeable IRS liens "swallow the entire amount of equity available," the EAB lien is rendered avoidable. *See* Appellant's Brief at 6. Such an approach may be appropriate for liens which are always avoidable, as in the case of liens covered by 11 U.S.C. § 724(a). However, in this case the judicial lien of EAB is avoidable *only* to the extent it impairs debtor's homestead exemption, it is not *per se* avoidable. *See* 11 U.S.C. § 522(f)(1). In other words, to the extent that it does *not* impair the homestead exemption, the judicial lien is "not avoidable." Since it cannot be determined whether the lien is avoidable before deciding whether it impairs the homestead exemption, appellant's view that "a lien must first be determined to be unavoidable, before it be given priority based upon its senior status ..." must be rejected.[1]

On the other hand, EAB cites *In re Duncan* and *In re George*, 43 B.R. 833 (Bankr. D.Alaska 1984), two joint cases with fact patterns similar to the instant case, to support its view that its lien is not avoidable. Although there is no controlling precedent in this jurisdiction, *Duncan* has been followed in other jurisdictions. *See, e.g., Matter of Williamson*, 844 F.2d 1166 (5th Cir. 1988); *In re Braddon*, 57 B.R. 677 (Bankr. W.D.N.Y.1986); *In re Sajkowski*, 49 B.R. 37 (Bankr.D.R.I.1985); *In re Princiotta*, 49 B.R. 447 (Bankr.D.Mass.1985). In all the cited cases, the courts used the *Duncan*

formula to determine which liens impaired the debtor's homestead exemption.

■ *Duncan* sets forth a method of ranking liens in order to determine which lien actually impairs the homestead exemption. It is to be noted that the court in the *Duncan/George* cases similarly confronted judicial liens which were senior to federal tax liens. 43 B.R. at 835–36. The debtors therein argued, as does debtor in the case at bar, that the sum of liens not avoidable (mortgage and IRS liens) was greater than the equity available. *Id.* However, the court found that the "debtors' reasoning [was] inconsistent with the language of § 522(f) which states that a judicial lien may be avoided to the '*extent that such lien impairs an exemption* ...'" *Id.* at 837 (emphasis in original). The court went on to note that "to determine the extent to which a lien impairs an exemption, the priority of the lien for which avoidance is being sought must be considered ..." *Id.* (citation omitted); *see also Braddon*, 57 B.R. at 679. Following that reasoning, the *Duncan* court determined that judicial liens may ultimately be avoidable only if they "impair the debtors' homestead exemption while still occupying their position of priority among the liens on the subject properties." *Id.* at 838; *see also In re Porter*, 112 B.R. 979, 984 (W.D.Mo.1990).

In order to apply its reasoning, the formula proposed by *Duncan* can generally be summarized as follows: (1) rank all liens in order of priority; (2) subtract the gross amount of the homestead exemption from the value of the property; (3) from the remainder in step two, subtract each lien, beginning with the most senior until the judicial lien is reached, and finally, subtract the judicial lien. To the extent that the judicial lien exceeds the remainder in step two, it is avoidable. *See Duncan*, 43 B.R. at 838. Applying the *Duncan* formula to the case at bar, based on debtor's undisputed equity remaining in the property after

---

**1.** Although not cited by appellant, *In re Hazard*, 113 B.R. 494 (W.D.Wis.1990), appears to support appellant's position. However, the court in *Hazard* noted the division among the courts over this issue, and the Wisconsin Homestead Exemption Statute applicable to that case explic- itly subordinated senior judgment creditors to junior, nonexemptible lienholders. *Id.* at 497. Thus, that case is less persuasive than the case law cited above which supports the mainte- nance of the priority of liens when determining avoidability. *See e.g., Duncan*, 43 B.R. 833.

accounting for the mortgages and non-party spouse's share:

| | |
|---|---|
| Available equity: | $55,500 |
| Minus homestead exemption: | $10,000 |
| | $45,500 |
| Minus most senior lien: | $16,252 |
| | $29,248 |

As can be seen, the judicial lien does not exceed the remainder derived from step two. Therefore, it does not impair the homestead exemption. *See id; Braddon,* 57 B.R. at 679; *Porter,* 112 B.R. at 984. Accordingly, the EAB lien is not avoidable, even though the obligations next in priority, the IRS liens, will consume the remaining equity. *See Duncan,* 43 B.R. at 839 (noting that where it is the junior federal tax liens which actually impair the homestead exemption, and not the judicial lien, the judicial line may not be avoided). Thus, the bankruptcy court in the case at bar correctly vacated the junior judicial liens, while refusing to vacate the EAB lien.

Both parties also make reference to the legislative history of 11 U.S.C. § 724 in order to show statutory purpose. Spearman contends that the purpose of the Code is to provide debtors with a "fresh start." To that end, he relies upon the legislative history of § 727 of the Code. However, that section of the Code discusses grounds for discharge, it does not apply herein as debtor has already received the "fresh start" by virtue of his discharge. The issue at bar is whether the EAB lien impairs debtor's homestead exemption.

EAB references a House report concerning § 724(b), which relates to the distribution of property subject to a tax lien. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. at 382 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6338. It states that holders of liens senior to tax liens have priority over the tax liens, in order to "leave senior ... lienors undisturbed." *Id.* Thus, EAB claims that § 724(b) was intended to dilute the strength of a federal tax lien, not to give it priority over a senior judicial lien. This purpose is preserved by ranking liens according to their seniority before determining which lien actually impairs the homestead exemption. In point of fact, to ignore seniority would, in effect, always give priority to a tax lien, the very result § 724(b) seeks to avoid. *See* 11 U.S.C. § 724(b). Therefore, based on the case law and the statute, this Court holds that the senior judicial lien of EAB does not impair the debtor's homestead exemption, and therefore is not avoidable by the debtor. Accordingly, the decision of the Bankruptcy Court is affirmed.

## CONCLUSION

For the reasons stated above, the decision of the Bankruptcy Court in the above-referenced case is affirmed. The Clerk of the Court is directed to close the file in this case.

SO ORDERED.