**In re John T. BRADSHAW, Debtor.**

**Bankruptcy No. 92–90726–7.**

United States Bankruptcy Court,
S.D. Indiana,
New Albany Division.

Jan. 22, 1993.

Gary Silletto, Jeffersonville, IN, for Wickes Lumber Co.

Daniel R. Marra, Jeffersonville, IN, for debtor, John T. Bradshaw.

## MEMORANDUM

BASIL H. LORCH, III, Bankruptcy Judge.

This matter is before the Court on the debtor's MOTION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f). The debtor seeks to avoid the judicial lien of Wickes Lumber Company [hereinafter Wickes], Clark County Circuit Court Cause Number 84–C–206. Wickes Lumber Company filed its OBJECTION TO MOTION TO AVOID LIEN on June 12, 1992. The Court heard arguments in this matter on November 23, 1992. The debtor submitted applicable case law on December 4, 1992. The MEM-

ORANDUM OF WICKES LUMBER RE LIEN AVOIDANCE was filed on December 7, 1992.

## FINDINGS OF FACT

1. The debtor is the owner of a residence at 417 Perrin Lane, Jeffersonville, Indiana.

2. The debtor is the sole owner of said real estate and resides therein.

3. The creditor, Wickes, is a judgment creditor by virtue of a judgment entered in the United States District Court, Southern District of Indiana, New Albany Division, on October 3, 1990.

4. The debtor filed bankruptcy on April 30, 1992. The debtor has claimed an exemption in the real estate which is the subject matter of this hearing.

5. The residence has been damaged by fire and is in an incomplete state of repair.

6. There is a non-avoidable tax lien which has attached to the debtor's residence and which was reduced to judgment on October 3, 1990, in the amount of $31,881.69. Said judgment has continued to bear interest from the date of its inception.

7. The debtor valued the real estate in question at $52,000 in his schedules.

8. Crum's Auction and Realty, Inc. appraised said real estate at $41,500.

9. The Court finds the fair market value of said property to be $45,000.

10. There are property taxes in the amount of $3,467.13, plus 1992 taxes due and payable in 1993 in the amount of $1,931.09, which, under Indiana law, become a lien on the property.

11. The District Court, in its judgment, accorded priority to the lien holders, in the following order:

1. Otto Fry d/b/a Pope Plumbing and Heating in the amount of $8,510.91.[1]

2. Wickes Lumber Company in the amount of $11,758.66 plus an additional $2.34 per day and of post judgment interest.

3. The United States of America in the amount of $31,881.69.

4. The Clark County Government in the amount of $3,467.13.

*Fry v. Bradshaw,* NA 87–4–C (S.D.Ind. 1990).

## DISCUSSION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; 28 U.S.C. § 1334; and 11 U.S.C. § 522. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

■ Pursuant to 11 U.S.C. § 522(f)(1), the debtor may seek the avoidance of judicial liens if the lien impairs an exemption to which the debtor would have been entitled. Thus, the debtor may avoid a judicial lien under section 522(f)(1) "only where the debtor would have had an exemptible interest in the property, but for the attachment of a judicial lien or liens." *In re Baldwin,* 84 B.R. 394, 397 (Bkrtcy.W.D.Pa.1988).

■ To determine whether or not a judicial lien may be avoided, the Court must address three questions. The first is how much Indiana law allows the debtor to exempt. Second, if the debtor is entitled to an exemption, the Court must determine if the exemption is impaired. Finally, if there is an impairment, it must be determined if the impairment is attributable to the judicial lien in question. *In re Hazard,* 113 B.R. 494 (W.D.Wis.1990); *In re Greene,* 85 B.R. 747 (Bkrtcy.N.D.Ohio 1988).

■ The first question to be addressed is the amount of exemption to which the debtor is entitled under Indiana law. Pursuant to Ind.Code § 34–2–28–1(a)(1), a debtor may exempt $7,500 in real estate or personal property constituting the personal or family residence of the debtor. Thus, the debtor is entitled to an exemption in the amount of $7,500.

■ The second question to be addressed is whether or not the debtor's exemption is impaired. The total amount of the liens against debtor's real estate as of October 3, 1990, was $55,618.39. This exceeds the

1. The Court will deal with the lien of Otto Fry in a separate Order and Memorandum.

fair market value of the property, without taking into account additional property taxes or interest, and thus, the state law exemption of $7,500 is impaired.

Finally, the Court must determine whether or not the lien of Wickes impairs the debtor's exemption. Wickes argues that its lien does not so impair the debtor's exemption. According to Wickes, the Court must evaluate the impairment of the exemption in the order of priority established by the District Court. If the Court looks at impairment in this manner, according to Wickes, it is the lien of the IRS which impairs the debtor's exemption. Conversely, the debtor argues that the priority established by the District Court is not determinative in a lien avoidance question. Rather, the debtor asserts, any lien which has the effect of impairing the exemption may be avoided regardless of its position of priority. For the reasons set forth below, the Court agrees with the debtor's position.

In the *Hazard* case, the court dealt with a similar situation. The debtors in *Hazard* attempted to avoid a judicial lien which they alleged impaired their homestead exemption. In addition to the judicial lien, a mortgage and a tax lien encumbered their property. The judicial lien had priority over the tax lien. Thus, the creditor argued that its lien did not impair the debtor's exemption, and the Bankruptcy Court agreed. The District Court rejected this argument, and reversed the Bankruptcy Court, holding:

> Courts are divided over the proper method for determining whether an impairment is caused by the presence of a judicial lien. The conflict resolves around the question whether the priority of the liens should be considered when determining whether an exemption has been impaired. More specifically, the issue is whether a debtor should be allowed to avoid a senior judgment lien when the equity for the homestead exemption is depleted by the attachment of a junior, unavoidable lien.
>
> Three lines of authority have emerged on this issue. One holds that the priority of

the liens under state law must be maintained under § 522(f)(1). The liens are subtracted from the value of the property in the order of their priority. Those liens that reduce the equity of the property below the homestead level are the ones that impair the exemption. If these liens are judicial, they may be avoided.

Under another line of cases, the result is that a judicial lien may not be avoided when the debtor *voluntarily* subjects his property to a lien after the attachment of a judicial lien such that the junior, but unavoidable lien depletes the equity that otherwise would have covered the homestead exemption....

Under the third approach, the priority of the liens is disregarded. If the total value of the liens held against the property reduces the equity below the exemption level, any judicial liens may be avoided....

This last method appears to be in greatest conformance with the language and legislative history of § 522(f)(1). As mentioned at the outset, the overriding purpose of this provision is to enhance the fresh start of the debtor by allowing her to exempt certain liens that would reduce the amount of an exemption to which she would otherwise be entitled. This purpose would be thwarted at times if the state law priority positions of the liens had to be considered when determining the impairment. Also, nothing in the language of the provision suggests that the priority of the liens must be maintained. Nor is there language indicating that an exception to the usual process for determining an impairment arises when the debtor voluntarily encumbers the property subsequent to the attachment of a judicial lien....

Rather, the language and legislative history indicate that the bankruptcy estate should be treated in terms of encumbered property for purposes of calculating an exemption. *The order in which encumbrances attached does not appear to be relevant.*

*Id.* at 498–99.[2]

Similarly, in the case of *In re Green,* 64 B.R. 462 (Bkrtcy.S.D.Ind.1986), the debtor sought to avoid a judicial lien. The creditor argued that its lien did not impair the exemption since the nonavoidable junior lien was voluntarily granted. The court rejected this argument, finding:

> Under Indiana law, absent the filing of a bankruptcy petition, a lien creditor without knowledge of an unperfected security interest has priority over such unperfected security interest.... Obviously, a judicial lien creditor is a lien creditor. Given a bankruptcy filing, however, I.C. 26–1–9–301(1)(b) must yield to the priority of distribution within the Bankruptcy Code ... While property interests are defined by state law, Indiana law does not suggest that a subsequently perfected security interest becomes unperfected merely due to a presence of an antecedent judicial lien. Outside bankruptcy and under Indiana law, a security interest perfected after the creation of a judicial lien remains perfected but is junior to the prior lien. Congress has permissibly altered the "race" of the Uniform commercial Code by establishing the supremacy of perfected security interests.

*Id.* at 464–465 (footnotes omitted).

Finally, in the case of *In re Magosin,* 75 B.R. 545 (Bkrtcy.E.D.Pa.1987) the creditors objected to the avoidance of judicial liens. Citing the fresh start purpose behind section 522(f), the court found the following formula to be applicable:

1. Determine the value of the property on which a judicial lien is sought to be avoided.
2. Deduct the amount of all liens not to be avoided from (1).
3. Deduct the Debtors' allowable exemptions from (2).
4. Avoidance of all judicial liens results unless (3) is a positive figure.

5. If (3) does result in a positive figure, do not allow avoidance of liens, in order of priority, to that extent only.

*Id.* at 547.

■ Additionally, the legislative history of section 522(f)(1) indicates that the purpose of the provision is to enhance the debtor's ability to obtain a fresh start. *See* H.R.Rep. No. 95–595, 2nd Sess. 360–62 (1997), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6316–17. This legislative insight, combined with the fact that there is persuasive authority accepting the debtor's viewpoint within this district, leads the Court to conclude that the order of priority pursuant to state law is irrelevant. The Court must first subtract those liens which are not avoidable pursuant to the Bankruptcy Code. The Court must then determine whether or not a judicial lien impairs the debtor's exemption. The order of priority does control the sequence in which judicial liens are addressed. In this case, the fair market value of the property was found to be $45,000. The lien of the IRS which may not be avoided was $31,-881.69· on as of October 3, 1990. This leaves a balance of $13,118.31 ($45,000 less the $31,881.69). If the lien of Otto Fry is allowed (since it is first in priority), there is a balance of only $4607.40. The debtor is entitled to an exemption of $7,500, and thus, the lien of Otto Fry impairs the debtor's exemption. As a result, the Wickes' lien also impairs the debtor's exemption.

## CONCLUSION

■ As previously stated, there are two points of view when determining whether a judicial lien impairs a debtor's exemption and the subordinate lien was not voluntarily granted. After having reviewed the case law, statutory law, and other authority, the Court finds that the priority of the liens does not control. Rather those liens

---

**2.** The Court notes that in the case of *In re Spearman,* 124 B.R. 620 (E.D.N.Y.1991), a case cited by the creditor, the court distinguished the *Hazard* case. The *Spearman* court found that the applicable Wisconsin Homestead Exemption Statute made *Hazard* less persuasive. *Id.* at 622, n. 1. However, the *Spearman* court failed to

note that *Hazard* relied on that statute only when determining whether or not the debtors were entitled to an exemption. The statute was not discussed by the court when it determined that the priority of the liens was not controlling. *Hazard* at 498–99.

which cannot be avoided must be deducted first before it is determined whether or not a judicial liens impairs and exemption and, thus, can be avoided. This Court finds that the priority system for liens established under state law does not control for Bankruptcy purposes. Rather, Congress afforded liens different treatment under the Bankruptcy Code by providing which liens would be avoidable. Such a conclusion is consistent with the ultimate purpose behind section 522(f)(1)—that is to give the debtor a fresh start.

Therefore, after having duly considered the foregoing, as well as the relevant case law, statutory law, and other authority, the Court hereby GRANTS the debtor's MOTION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f).

IT IS SO ORDERED.

### ORDER

This matter is before the Court on the debtor's MOTION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f). The debtor seeks to avoid the judicial lien of Wickes Lumber Company, Clark County Circuit Court Cause Number 84–C–206. Wickes Lumber Company filed its OBJECTION TO MOTION TO AVOID LIEN on June 12, 1992. The Court heard arguments in this matter on November 23, 1992. The debtor submitted applicable case law on December 4, 1992. The MEMORANDUM OF WICKES LUMBER RE LIEN AVOIDANCE was filed on December 7, 1992.

Therefore, after having duly considered the foregoing, as well as the relevant case law, statutory law, and other authority, the Court hereby GRANTS the debtor's MOTION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f).

IT IS SO ORDERED.