In re Robert J. AUDEY, an individual, and Robert J. Audey, as a former partner of Cambria Construction Co., Debtor.

Bankruptcy No. 86–0045.
Motion No. 86–1725.

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 9, 1986.

James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, Pa., for debtor.

Michael Streib, Pittsburgh, Pa., for creditor.

James H. Stratton, Jr., Ebensburg, Pa., for Ebensburg Tax Claim Bureau.

Windber High Standard Coal Co., Windber, Pa., creditor.

Internal Revenue Service, District Director's Office, Craig R. McKay, U.S. Attorney's Office, Pittsburgh, Pa., Melody L. Moss, U.S. Dept. of Justice, Washington, D.C., for the IRS.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Chief Judge.

This dispute involves avoidance of a lien under 11 U.S.C. § 522(f) and determination of secured value under 11 U.S.C. § 506(a). The IRS raises the application of case law *In re Simonson,* 758 F.2d 103 (3d Cir. 1985), as a defense to this lien avoidance action.

Frequently, the Bankruptcy Court is confronted by a fact situation in which judicial liens, as a matter of priority, are sandwiched between or are senior to mortgages. Although Section 522(f) permits judicial liens to be avoided, mortgages may not be avoided by § 522(f). This Court addressed this problem in *In re Losieniecki,* 17 B.R. 136 (Bkrtcy.W.D.Pa.1981), and permitted the senior liens to be avoided and preserved the avoided lien for the benefit of the estate, 11 U.S.C. § 551, specifically the Debtor's exemption. In *In re Simonson,* by inference our Court of Appeals reversed *Losieniecki* and asserted the theory that 11 U.S.C. § 522(f) cannot be applied to avoid judicial liens junior to mortgages. In *In re Simonson,* two judgments intervened the priority between two mortgages:

When the Simonsons filed their Chapter 7 petition their residence was encumbered as follows:

| LIEN | DATE FILED | AMOUNT |
|------|-----------|--------|
| (1) First Mortgage, First Bank of Greater Pittston | 5/3/74 | $25,145.95 |
| (2) Judgment No. 1964 First Bank of Greater Pittston | 3/5/79 | $13,361.33 |
| (3) Judgment No. 1416 First Bank of Greater Pittston | 6/9/80 | $ 1,050.00 |
| (4) Second Mortgage First Bank of Greater Pittston | 1/12/81 | $41,314.84 |
| Total encumbrances | | $80,872.12 |

The theory of the Court of Appeals in *In re Simonson* is that the debtor's interest in property or debtor's equity only begins after voluntary or consensual liens, i.e., mortgages, are paid. The practical effect of the *Simonson* doctrine is to limit avoidance of judicial liens which are junior to mortgages and not to permit avoidance when judicial liens are senior. The *Simonson* doctrine did not address mortgages which may be a unsecured claim within the meaning of 11 U.S.C. § 506(a).

In this case, there are no mortgages. The priority of liens is as follows:

| | |
|---|---|
| 1984 real estate taxes | $ 106.31 |
| 1985 real estate taxes | 97.83 |
| Lien of 1983–2407 September 6, 1983 Michael Streib | 45,100.00 |
| Lien of 1984–591 February 23, 1984 Windber High Standard Coal Co. | 80,373.51 |
| Lien of 1985–4996 September 9, 1985 Internal Revenue Service | 8,622.52 |

 It is also true that statutory tax liens are not judicial liens and may not be avoidable under 11 U.S.C. § 522(f). However, statutory tax liens are not consensual and are not mortgages. We hold that the *Simonson* doctrine does not apply to a statutory tax lien. In this case the Debtor also raises 11 U.S.C. § 506(d). The market value of this property is agreed by the parties to be $1,880.00. The tax lien of the United States is also avoided pursuant to 11 U.S.C. § 506(d). See *In re Tanner,* 14 B.R. 933 (Bkrtcy.W.D.Pa.1981). The tax lien is an unsecured claim to the extent that the value of the property will not support the claim. The liens of Michael Streib of 1983–2407 and the Windber High Standard Coal Company lien of 1984–591 are avoided pursuant to 11 U.S.C. § 522(f)

and claimed by the Debtor as an exemption pursuant to 11 U.S.C. § 551.