**In re Lawrence P. McCULLOUGH and Mary L. McCullough, Debtors.**

**Lawrence P. McCULLOUGH and Mary L. McCullough, Plaintiffs,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 88–01161.
Adv. No. 88–0462.**

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 11, 1990.

---

252

James C. Warmbrodt, Pittsburgh, Pa., for debtors.

Joseph F. Minni, U.S. Dept. of Justice, Tax Div., Washington, D.C., for I.R.S.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Chief Judge.

The matter presently before this court is the Debtors' Complaint To Determine Secured Status.

The Debtors' motion is denied.

## I. FACTS

The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 28, 1988. The Debtors own real property located in Fayette County, Pennsylvania. Both parties have stipulated to the fact that the fair market value of this property does not exceed $35,000.00. As of the filing of the bankruptcy petition, this property was subject to and encumbered by the following liens:

| | LIEN | DATE FILED | AMOUNT |
|---|---|---|---|
| (1) | First Mortgage, First Federal Savings and Loan of Greene County | 6/1/79 | $21,323.01 |
| (2) | Judgment No. 2630–1981, Equibank | 11/5/81 | $ 763.65 |
| (3) | Judgment No. 1422–1982 Borg–Warner Leasing | 9/30/82 | $13,955.97 |
| (4) | Judgment No. 1454–1985 Uniontown Hospital | 9/17/85 | $ 1,566.90 |
| (5) | Statutory Lien No. FTL 857 Internal Revenue Service | 4/5/88 | $14,651.73 |

In August 1988, the Debtors filed a motion to avoid the judicial and statutory liens in accordance with section 522(f). This court, by an Order dated September 28, 1988, granted the Debtors' motion as to the judicial liens held by Equibank, Borg–Warner Leasing and Uniontown Hospital, but denied the motion with respect to the statutory tax lien of the Internal Revenue Service (hereinafter "IRS").

The Debtors then commenced this action on October 13, 1988 by filing a Complaint To Determine Secured Status. The Debtors seek to avoid the statutory tax lien of the IRS pursuant to section 506 of the Bankruptcy Code.

## II. ANALYSIS

This court is again confronted with the question of whether a valid tax lien can be avoided pursuant to section 506(d) of the Bankruptcy Code. We addressed this issue in *In Re Audey*, 66 B.R. 52 (Bkrtcy.W.D. Pa.1986). In *Audey*, we found that the tax lien could be avoided pursuant to section 506(d) because the value of the property could not support the claim. We are reversing our decision in *Audey* due to the reasons stated below.

Section 522(c) provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title; or

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549 or 724(a) of this title; and

(A)(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed.

11 U.S.C. § 522(c). Essentially, this provision allows a creditor to retain a lien on exempted property if it has not been avoided under section 506(d) or if it is a tax lien. Section 522(c)(2)(B) stresses the point that a tax lien cannot be avoided under section 506(d) or any other lien avoidance section. "[C]ertain tax liens enjoy a 'security' that other debts secured by liens on exempt property do not. That is, they do not run the risk of being extinguished if the debtor otherwise can and does take advantage of the various lien avoidance provisions." *Matter of Lassiter*, 104 B.R. 119, 122 (1989).

The Debtor has emphasized the "fresh start" theory of the Bankruptcy Code as being the reasoning behind Section 506(d). It has been held that "[i]n defining fresh start, Congress took cognizance of the fact that tax liens would survive." *In Re Isom*, 901 F.2d 744, 746 (9th Cir.1990). This unique fact situation does leave the Debtor's exemption with a priority senior to the IRS. Nevertheless, the only things in life that are certain are death and taxes and the Bankruptcy Code is in agreement with this philosophy.

The Debtors' complaint is DENIED.