**In re William E. DILIBERTO, Debtor.**

**Bankruptcy No. 92–22147.**

United States Bankruptcy Court, W.D. New York.

Jan. 22, 1993.

---

Lucien A. Morin, II, Rochester, NY, for debtor.

George M. Reiber, Rochester, NY, Chapter 13 Trustee.

## MEMORANDUM AND OPINION

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On August 5, 1992 the debtor, William E. Diliberto (the "Debtor") filed a petition initiating a Chapter 13 case. On his Schedules the Debtor listed his residence at 220 Golf Avenue, Pittsford, New York ("Golf Avenue") as having a value of $85,000, and being subject to: (1) a first mortgage lien in favor of Citicorp Mortgage, Inc. (the "Citicorp Mortgage") with an outstanding balance of $75,508.90; (2) a judgment lien in favor of John L. Licciardi (the "Licciardi Judgment") in the amount of $588.20; and (3) a judgment lien in favor of the Pittsford Federal Credit Union (the "Pittsford Federal Judgment") in the amount of $2,547.94. The Debtor further listed the Judgments as impairing his claimed homestead exemption of $10,000.

The Chapter 13 plan filed by the Debtor proposes payments of $400 per month over a five-year term and estimates that after the payment of all priority and secured claims and Chapter 13 Trustee's fees, unsecured creditors will receive 10% of their allowed claims. Although in his Schedules the Debtor listed unpaid taxes due to the Internal Revenue Service (the "IRS"), it was not until the IRS filed a proof of claim that the Debtor became aware that there was an outstanding pre-petition tax lien filed in March 1992 in the amount of $912.60.

By motion finally returnable on January 11, 1993, the Debtor moved, pursuant to 11 U.S.C. § 522(f), to avoid the Licciardi and Pittsford Federal Judgment liens. Although neither of the judgment creditors objected to the avoidance of their liens, the Court was asked to issue a written decision which would also summarize its decisions under Section 522(f).

### DISCUSSION

This Court has previously held, consistent with the other bankruptcy courts in the Western District of New York, that: (1) a hypothetical cost of sale factor can not be deducted from the value of real property when analyzing the debtor's equity for purposes of Section 522(f)(1) lien avoidance; (2) a debtor can avoid a judgment lien pursuant to Section 522(f)(1) even if at the date of the petition the debtor has no equity in the property because it is overencumbered by unavoidable liens superior to the judgment lien sought to be avoided; and (3) a debtor can not avoid a judgment lien pursuant to Section 522(f)(1) which intervenes between consensual mortgage liens.[1] Now the Court is asked to decide whether pursuant to Section 522(f)(1) a debtor can avoid judgment liens which would otherwise be avoidable as impairing the debtor's exemption but which intervene between consensual mortgages and an otherwise unavoidable federal tax lien.

In this case the Debtor's equity in Golf Avenue over and above the Citicorp Mortgage is $9,491.10. This is less than the amount of the Debtor's claimed homestead exemption of $10,000; therefore the Licciardi and Pittsford Federal Judgment liens impair the Debtor's homestead exemption and could and would be avoided in full pursuant to Section 522(f) if there was no unavoidable federal tax lien.

Unlike the case where there is a consensual subordinate lien, where there is a non-consensual unavoidable subordinate federal tax lien, its existence does not affect the ability of a debtor to avoid a superior judgment lien to the extent that the debtor would otherwise be able to avoid that judgment lien if the non-consensual unavoidable tax lien did not exist. *In re Audey*, 66 B.R. 52, 53 (Bankr.W.D.Pa.1986), *overruled in part on other grounds by In re*

---

1. *In re Sweeting*, 151 B.R. 322 (Bankr.W.D.N.Y. 1992).

*McCullough,* 122 B.R. 251 (Bankr.W.D.Pa. 1990); *In re Duncan,* 43 B.R. 833, 839 (Bankr.D.Alaska 1984). This is true even though the Debtor's homestead exemption is still subject to the federal tax lien. *Duncan,* 43 B.R. at 839.

In this case the judgment liens sought to be avoided clearly impair the Debtor's homestead exemption, would otherwise be avoidable in full in the absence of the federal tax lien, and therefore are avoided pursuant to Section 522(f).

### CONCLUSION

The Licciardi and Pittsford Federal Judgment liens are avoided in full pursuant to Section 522(f)(1), subject to the provisions of Section 349.

IT IS SO ORDERED.